**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRACY PASSA, on behalf of herself**
**and all others similarly situated,**

           **Plaintiff,**

    **vs.**

**CITY OF COLUMBUS, *et al.*,**

           **Defendants.**

        **CASE NO. 2:03-CV-81**

        **MAGISTRATE JUDGE KING**

## OPINION AND ORDER

Plaintiff, Tracy Passa ("plaintiff"), acting on behalf of herself and a putative class of plaintiffs, alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Ohio's Consumer Sales Practices Act, Ohio Revised Code ("O.R.C.") § 1345.01 *et seq.*, the civil forfeiture provisions of Ohio's RICO Act, O.R.C. § 2923.31 *et seq.*, 42 U.S.C. § 1983 ("Section 1983 "), and engaged in fraudulent misrepresentation under Ohio law in connection with the City of Columbus' "Check Resolution Program."

This matter is now before the Court on *Plaintiff Tracy Passa's Rule 37 Motion for Imposition of Discovery Sanctions Against Defendants Buckeye Check-Cashing, Inc. & BCCI Management Co., dba Check$mart* ("*Plaintiff's Motion for Sanctions*").  Doc. No. 46.  For the reasons that follow, *Plaintiff's Motion for Sanctions* is **DENIED**.

A.    **Sanctions For Failure to Admit**

Plaintiff moves this Court to impose sanctions against Check$mart pursuant to Fed. R. Civ. P. 37(c)(2), which provides in relevant part:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff argues that Check$mart improperly failed to admit certain requests for admission. *Plaintiff's Motion for Sanctions*, at 3-6. As a result, plaintiff contends, she was required to prove the matters addressed in those requests for admission through deposition. *Id.* Thus, plaintiff asks this Court to "award plaintiff $1,000 as reasonable expenses for the making of that proof, which includes counsel's reasonable litigation expenses and attorney's fees attributable to that failure and the preparation of" the motion for sanctions. *Id.*, at 6.

In opposition, Check$mart contends, *inter alia*, that it properly responded to plaintiff's requests for admissions. *Defendants Buckeye Check Cashing, Inc.'s and BCCI Management Co.'s Memorandum in Opposition to Plaintiff's Rule 37 Motion for Imposition of Sanctions* ("*Check$mart's Memorandum Contra Plaintiff's Motion for Sanction*"), at 6-8. In any event, Check$mart argues, plaintiff's motion must nevertheless fail because plaintiff's "counsel made absolutely no effort" to resolve this dispute extrajudicially, which is required by Rule 37.1 of this Court's Local Rules. *See* S.D. Ohio Civ. R. 37.1.

In reply, plaintiff admits that she made no effort at extrajudicial resolution of the dispute. Plaintiff argues, however, that she is not required to do so under Fed. R. Civ. P. 37(c)(2), because that Rule "facially imposes no obligation of extrajudicial effort on those seeking expenses for a failure to admit." *Plaintiff Tracy Passa's Reply in Support of Motion for Imposition of Discovery Sanctions*, at 2. Plaintiff contends that it would have been futile to attempt extrajudicial resolution of this dispute because the "expense and dispute have already

occurred." *Id.* Plaintiff's argument is not well taken.

Although plaintiff is correct that Rule 37(c)(2) facially imposes no obligation of extrajudicial effort to resolve the dispute, this Court's Local Rules do impose such an obligation. *See Society Nat'l Bank v. United States*, Case No. C-1-93-0325, 1996 U.S. Dist. LEXIS 8136, *7 (S.D. Ohio 1996) (denying Fed. R. Civ. P. 37(c)(2) motion for sanctions for failure to admit for the movant's failure to comply with S.D. Ohio Civ. R. 37.1).  S.D. Ohio Civ. R. 37.1 provides, in pertinent part:

> Objections, motions, applications, and requests relating to discovery <u>shall not</u> be filed in this Court, <u>under any provision in Rules 26 and 37</u>, Fed. R. Civ. P., unless counsel have first exhausted among themselves all extra-judicial means for resolving the differences.  After extrajudicial means for the resolution of differences about discovery have been exhausted, then in lieu of immediately filing a motion under Rules 26 and 37, Fed. R. Civ. P., and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case.

*Id.* (emphasis added).

The Court is not convinced that compliance with S.D. Ohio Civ. R. 37.1 under the circumstances presented in this case would have been futile.  Southern District of Ohio Civil Rule 31.1 contemplates a meeting of the parties to attempt to resolve the issue of  whether Check$mart did or did not fail to admit, and whether any failure to admit was proper.  Only if attempts at resolution fail is it appropriate to file a motion for sanctions under Fed. R. Civ. P. 37(c)(2).  Even then, either party may first seek an informal telephone conference with this Court, which too could obviate the need for filing motions for sanctions.  *See* S.D. Ohio Civ. R. 37.1

Accordingly, plaintiff's request for sanctions under Fed. R. Civ. P. 37(c)(2) for failure to admit is **DENIED**.

3

**B.      Sanctions for Failure to Appear at a Deposition**

Plaintiff noticed a deposition under Fed. R. Civ. P. 30(b)(6) for the deposition of a corporate representative of Check$mart concerning the issue of arbitration of plaintiff's claims. *Plaintiff's Motion for Sanctions*, at 6.  Check$mart produced its Vice President, Pagel Helterbrand, as its corporate designee.  *Id.*, at 7.  Plaintiff argues that Ms. Helterbrand was "unable or unwilling to testify as to Check$mart's purpose and use of its arbitration clause," and as to the routine practices of Check$mart. *Id.*, at 10.  Also, plaintiff contends that Check$mart's counsel made improper objections based on privilege during the deposition.  *Id.*, at 12-14. Plaintiff concludes that Ms. Helterbrand's testimony was so deficient as to be tantamount to a failure to appear.  *Id.*, at 8-10.  Thus, plaintiff requests that the Court "award $2,000 in monetary sanctions against Check$mart for its failure to appear for the Rule 30(b)(6) deposition . . . ."  *Id.*, at 15.  In addition, plaintiff asks that the Court order Check$mart to produce a properly prepared designee to testify on the issue of arbitration.  *Id.*

In opposition, Check$mart argues, *inter alia*, that its corporate designee was prepared and cooperative and that its objections based on privilege were justified.  *Check$mart's Memorandum Contra Plaintiff's Motion for Sanctions*, at 10-13.  Further, Check$mart contends that, even if it did fail to produce an appropriately informed corporate designee, plaintiff's motion nevertheless fails because plaintiff's counsel made no effort to resolve this dispute extrajudicially, which is required by S.D. Ohio Civ. R. 37.1.  Check$mart's arguments are again well taken.

Initially, the Court notes that, for the same reasons discussed *supra*, plaintiff violated S.D. Ohio Civ. R. 37.1 by filing her motion for sanctions before she attempted to resolve the

4

dispute extrajudicially.  The Court is simply not persuaded that discussion of this issue would have been wholly futile.

Additionally, the facts before this Court do not support plaintiff's contention that she was unable to obtain information relating to arbitration from Ms. Helterbrand.  Plaintiff filed a twenty-seven page memorandum in opposition to Check$mart's motion to compel arbitration without complaint that she lacked sufficient evidence to oppose the motion.  *See Plaintiff's Memorandum Opposing Motion by Buckeye Check Cashing, Inc. and BCCI Management Co., d.b.a. Check$mart, to Stay and to Compel Arbitration* ("*Plaintiff's Memorandum Contra Check$mart's Motion to Stay and Compel Arbitration*"), Doc. No. 68.  Indeed, although plaintiff sought three extensions of time to respond to Check$mart's motion, at no time did plaintiff request an extension in order to depose a better prepared corporate designee.  *See* Doc. Nos. 56, 63, 65.

Most telling is plaintiff's actual reliance on Ms. Helterbrand's deposition testimony in her opposition to Check$mart's motion to compel arbitration.  For example, plaintiff relied on Ms. Helterbrand's testimony as follows:

> [P]laintiff offers evidence that Check$mart never, or rarely, elects arbitration when it seeks to resolve or remedy a dispute with a customer but, instead, elects to initiate litigation.
> . . . .
> In addition, plaintiff presents evidence that the arbitration provision was drafted by Check$mart, that Check$mart's employees had no authority to alter or remove that provision from the *Contract* and that a customer could not obtain a pay day loan unless she signed the *Contract* which contained the arbitration provision.

Doc. No. 83, *Opinion and Order*, at 15, 20 (citing to *Plaintiff's Memorandum Contra Check$mart's Motion to Stay and Compel Arbitration*, at 6-7, 21, wherein plaintiff relied on Ms. Helterbrand's deposition testimony).

5

The Court concludes that Ms. Helterbrand's testimony was not so deficient as to be tantamount to a failure appear.  Moreover, there is no evidence that plaintiff was prejudiced by Ms. Helterbrand's testimony nor does it appear that Check$mart operated in bad faith in making its Rule 30(b)(6) designation.  *See Lutz v. St. Paul Fire & Marine Ins.*, Case No. 1:03-cv-750, 2005 U.S. Dist. LEXIS 12568, * 11 (S.D. Ohio May 24, 2005) ("Inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings.") (citation omitted).

Finally, plaintiff's request for an order requiring Check$mart to produce a corporate deponent to testify as to arbitration is moot.  The issue of arbitrability of plaintiff's claims has already been decided by this Court.  Doc. No.  83.  Accordingly, plaintiff's request for sanctions under Fed. R. Civ. P. 37(d) for failure to appear at a noticed a corporate deposition is **DENIED**.

**WHEREUPON**, in light of the foregoing, *Plaintiff's Motion for Sanctions* is **DENIED**. Doc. No. 46.


April 21, 2006                                           _s/Norah McCann King_____
Date                                                     Norah McCann King
                                                         United States Magistrate Judge


6